UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ANGELITA FACUNDO, ind. & a/n/f § | | |
| XXXX XXXXXXX, a minor § | | |
|     *Plaintiff*, § | | |
| § | | |
| vs. § | Civil Action No. 2:21-cv-206 | |
| § |     Jury Demanded | |
| ORANGE GROVE ISD § | | |
|     *Defendant*. § | | |

PLAINTIFF'S SECOND AMENDED COMPLAINT

To the Honorable Judge of This Court:

Plaintiff, Angelita Facundo, individually and as next friend of XXXX XXXXXXX, a minor, files this Second Amended Complaint, complaining of Defendant Orange Grove Independent School District. In support, Plaintiff would show:

## I.   PARTIES

1. Plaintiff and Minor Plaintiff are individuals who reside in Orange Grove, Jim Wells County, Texas.

2. Defendant Orange Grove Independent School District is an educational institution and recipient of federal funds, located and operated in Jim Wells County, Texas. Defendant has been served and appeared in this lawsuit.

## II.   JURISDICTION

3. This Court has jurisdiction under 28 U.S.C. 1331 because Plaintiff's claims arise under the laws of the United States.

### III.   FACTS

4.   On or about April 29, 2021, minor Plaintiff AXXX FXXXXXX, a student at Orange Grove High School, was held down by other Orange Grove students and sexually assaulted.

5.   While Minor Plaintiff was being held down and sexually accosted, other Orange Grove High School students filmed the assault with their smartphones and uploaded the recording of the attack to several social media platforms.

6.   The administration and employees of Defendant Orange Grove ISD knew about the sexual harassment attacks that had been occurring during school hours, inside the halls of the high school—moreover, the administration knew that these assaults were being filmed by students and distributed amongst the student population.

7.   Despite this knowledge, Defendant's employees failed to take steps to make sure the students were protected from these attacks.  Even after Minor Plaintiff was attacked, the school officials did nothing to protect Minor Plaintiff, but instead allowed him to be singled out, called out and otherwise verbally harassed and assaulted regarding his sexual assault, effectively perpetuating additional harassment of Minor Plaintiff.  Continued threats of retaliation and repercussion, should he attempt to seek help regarding the attack, kept Minor Plaintiff in fear of his health and safety, as intended by his attackers. Predictably, this continued harassment and Defendant's deliberate indifference deprived Minor Plaintiff of access to educational opportunities and violated his constitutional rights.

## IV.   CAUSES OF ACTION

### Count One: Violation of Title IX (20 U.S.C. § 1681)

8. In the years leading up to April 2021, several groups of students at Orange Grove High School had been sexually accosting and sexually assaulting other students, and filming and uploading the videos to social media platforms, all while at school and during school hours, harassment that was so severe, pervasive and objectively offensive.

9. As described in paragraphs 4-5, on or about April 29, 2021, Minor Plaintiff was subjected to sexual harassment in the form of a sexual assault by another student, or student-on-student harassment, based on his sex.

10. Defendant's employees knew about the previous sexual harassment incidents and knew that Minor Plaintiff was held down, sexually assaulted and filmed.

11. Despite this actual knowledge, Defendant, by and through its employees, showed a deliberate pattern of indifference, failing to prevent this from happening to other students, failing to take reasonable steps such as chaperones in the bathroom to prevent these assaults, or otherwise disciplining the assailants in a meaningful way so as to deter future assaults.

12. As a result of Defendant's deliberate indifference and failures, Minor Plaintiff was subjected to a hostile educational environment and continued harassment that effectively prevented him from educational opportunities from Defendant.

13. Further, Defendant engaged in a pattern and practice of behavior designed to discourage and dissuade students and guest students who had been sexually

assaulted from seeking prosecution and protection and from seeking to have sexual assaults from being fully investigated.

14. Minor Plaintiff suffered emotional distress and psychological damage, and his character and standing in the community has suffered from the harassment fostered as a direct and proximate result of Defendant's deliberate indifference to their rights under Title IX.

**Count Two: Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983**

15. Defendant Orange Grove Independent School District, acting under color of law, committed acts and also failed to act in such a way that Minor Plaintiff was deprived of his Constitutional rights and guarantees, constituting a violation of those rights.

16. Specifically, Defendant's officials completely ignored the string of assaults, and failed to take any steps to remedy or attempt to prevent the ongoing assaults, being committed by students, against other students, during school hours and inside the school.

17. Defendant's failures rose to the level of deliberate indifference as to Minor Plaintiff's right to be free from attacks, harassment and harm caused by government actors, acting under color of law, as Defendant's officials did here.

18. As a direct and proximate result of this Constitutional violation and deliberate indifference, Plaintiff suffered general and special damages and is entitled to relief under 42 U.S.C. 1983.

## V.   DAMAGES

19. Plaintiff and Minor Plaintiff seek aggregate damages in excess of $1,000,000.00.

20. As a proximate and direct result of Defendant's negligence and violation of Title IX, Plaintiff and Minor Plaintiff incurred or suffered the following damages:

   a. Past and Future medical expenses;

   b. Past and Future mental anguish;

   c. Past and Future embarrassment and/or loss of reputation.

## VI.   ATTORNEYS' FEES

21. Plaintiff requests that this Court award him the reasonable and necessary attorneys' fees incurred in prosecuting this action, as provided for in 42 U.S.C. § 1988.

## VII.   JURY DEMAND

22. A jury demand has been made previously.

## VIII.   PRAYER

23. *Wherefore, premises considered*, Plaintiff respectfully requests that judgment be entered against Defendant in favor of Plaintiff for Plaintiff's and Minor Plaintiff's damages, taxable court costs, pre and post-judgment interest, attorneys' fees, and all other relief, at law and in equity, to which Plaintiff and Minor Plaintiff are justly entitled.

Respectfully submitted,
**HILLIARD MARTINEZ GONZALES LLP**

By: */s/ Michael L. Orth*
   Robert C. Hilliard
   Federal Bar No. 5912

>John B. Martinez
>Federal Bar No. 23612
>Catherine T. Hilliard
>Federal Bar No. 25316
>**Michael L. Orth**
>**Federal Bar No. 1477078**
>morth@hmglawfirm.com
>pmota@hmglawfirm.com
>Michael B. Mathis
>Federal Bar No. 3610293
>
>719 S. Shoreline Boulevard
>Corpus Christi, Texas 78401
>Telephone No.: 361.882.1612
>Facsimile No.: 361.882.3015
>***ATTORNEYS FOR PLAINTIFF***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Plaintiff's Proposed Second Amended Complaint has been forwarded to the following counsel of record in accordance with the FED. R. CIV. P.:

D. Craig Wood
Katie Payne
**WALSH GALLEGOS TREVINO KYLE & ROBINSON, P.C.**
1020 N.E. Loop 450
San Antonio, Texas 78209

On this the 21st day of October, 2021.               /s/ Michael L. Orth