UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ANGELITA FACUNDO, § § | |
| Plaintiff, § § | |
| VS. § | CIVIL ACTION NO. 2:21-CV-00206 |
| § § | |
| ORANGE GROVE INDEPENDENT § | |
| SCHOOL DISTRICT, § § | |
| Defendant. § | |

## ORDER DENYING MOTION FOR LEAVE TO AMEND & DISMISSING CASE

In August 2021, Plaintiff Angelita Facundo, asserting claims on behalf of a Minor Plaintiff, filed this lawsuit against Defendant Orange Grove Independent School District ("Orange Grove") in state court under 20 U.S.C. § 1681 ("Title IX"). (D.E. 1-3). Orange Grove removed the case to this Court based on federal question jurisdiction. (D.E. 1). Facundo subsequently filed a second amended complaint. (D.E. 12). This Court granted Orange Grove's motion to dismiss that complaint for failure to state claim but provided Facundo another opportunity to amend the complaint. (D.E. 27). Now pending is Facundo's motion for leave to amend (D.E. 31), along with associated responses and replies (D.E. 34, 36, 39). Orange Grove contends that the motion should be denied because it is futile and Facundo has had multiple opportunities to cure the deficiencies.

There is some confusion between the parties regarding what has been filed. First, Facundo's motion is erroneously titled as a "Motion for Leave to Amend Her First Amended Complaint," when she is instead seeking to amend her second amended

complaint. (D.E. 31). Further, on the docket, Orange Grove's response to this motion is titled as a motion to dismiss for failure to state a claim. (D.E. 34). However, the actual document is titled as a response to Facundo's motion and, although it requests dismissal, is not a motion to dismiss. (*See id.*). Nonetheless, Facundo filed a response as if it was a motion to dismiss rather than filing a reply in support of her motion to amend. (D.E. 36). Similarly, rather than filing a sur-reply, Orange Grove then filed a reply. (D.E. 39). In any event, this Court construes Facundo's motion (D.E. 31) as a motion for leave to amend her *second* amended complaint, Orange Grove's subsequent filing (D.E. 34) as a response rather than a motion to dismiss, and the remaining two filings (D.E. 36, 39) as a reply and sur-reply, respectively. To the extent any of these filings raise arguments related to the parties' misunderstandings regarding what has been filed, this Court will not address those arguments any further in this order. It is plain from a cursory review of the documents what each is, and the parties could have sought clarification before making improper filings if they were unsure about a particular document.

For the reasons discussed further below, Facundo's motion for leave to amend her second amended complaint (D.E. 31) is **DENIED** as futile and this case is **DISMISSED**.

### I.     ALLEGATIONS AND CLAIMS

Facundo alleges the following in the proposed third amended complaint. (D.E. 31-2). On April 29, 2021, the Minor Plaintiff was held down by other Orange Grove students and sexually assaulted. (*Id.* at 3). At least six students held down and restrained him, while one attacker took video of the event with his phone. While the Minor Plaintiff was

restrained, one student removed his clothing, exposed his genitalia, and rubbed it in the Minor Plaintiff's face. The video of the attack was later uploaded to social media. (*Id.*).

The administration and employees of Orange Grove knew about the sexual harassment attacks that had been occurring during school hours and knew that the attacks were being filmed. (*Id.*). The school and district were specifically aware of this attack because the principals informed the Minor Plaintiff's mother about it and the superintendent released public statements to the news media regarding the attack. (*Id.* at 4). Nonetheless, Orange Grove took no steps to protect students from these attacks, and they did nothing to protect the Minor Plaintiff even after he was attacked. They instead allowed him to be verbally harassed and assaulted regarding the sexual assault. The Minor Plaintiff suffered continued threats of retaliation should he seek help regarding the attack, which caused him to fear for his health and safety. (*Id.*).

Orange Grove's deliberate indifference to these events deprived the Minor Plaintiff of access to educational opportunities and violated his constitutional rights. (*Id.*). As a result of the attack and the subsequent inaction by the school and district, Minor Plaintiff suffered extreme stress, humiliation, shame, and fear. He experienced disruptions in his sleeping and eating and was unable to maintain healthy patterns of self-care. (*Id.*). He will continue to suffer these injuries in the future. (*Id.* at 4-5).

In Count One, Facundo alleges that Orange Grove violated Title IX. (*Id.* at 6). Even before the April 2021 incident, several groups of students sexually accosted and assaulted other students and uploaded the videos to social media while at school and during school

hours. Orange Grove knew of these incidents, and knew of the incident involving the Minor Plaintiff, but showed a deliberate pattern of indifference and failed to take reasonable steps to prevent the assaults from happening. As a result of this deliberate indifference, the Minor Plaintiff was subject to a hostile educational environment, and the harassment prevented him from obtaining educational opportunities. (*Id.*). Moreover, Orange Grove engaged in a pattern and practice of behavior that discouraged victims from seeking a full investigation, prosecution, and protection from the assaults. (*Id.* at 6-8). The Minor Plaintiff suffered emotional distress and psychological damage, and his character and standing in the community suffered from the harassment, which occurred as a direct and proximate result of Orange Grove's deliberate indifference to his rights. (*Id.* at 8).

Orange Grove's inaction violated the Minor Plaintiff's rights under Title IV and the Fourteenth Amendment. (*Id.*). Specifically, although Orange Grove was advised that students were committing acts of violence and sexual violence, and posting videos of these acts on social media, it failed to adopt a policy that would prevent the use of cell phones in class, prevent video recording in locker rooms, or prevent students who had committed prior sexual or violent harassment from being unsupervised in locker rooms. (*Id.*).

In Count Two, Facundo alleges under § 1983 that Orange Grove violated his constitutional rights under the Fourteenth Amendment by completely ignoring the string of assaults and failing to take any steps to remedy or prevent ongoing assaults. (*Id.* at 8-9). Orange Grove's failure to act was deliberate indifference to the Minor Plaintiff's right to be free from attacks, harassment, and harm caused by government actors acting under

color of law. (*Id.* at 9). The Minor Plaintiff suffered general and special damages as a direct and proximate result of Orange Grove's deliberate indifference. (*Id.*).

Facundo seeks damages for past and future medical expenses, past and future mental anguish, and past and future embarrassment and/or loss of reputation, along with attorney's fees. (*Id.* at 9).

## II.   DISCUSSION

### a.   *Motion to Amend Standard*

Rule 15 provides that a party may amend its pleading once as a matter of course. Fed. R. Civ. P. 15(a)(1). Otherwise, a "party may amend its pleading only with the opposing party's written consent or the court's leave," which the court "should give freely when justice so requires." Fed. R. Civ. P. 15(a)(2).

Determining when justice so requires rests within the sound discretion of a district court. *See Chitimacha Tribe of La. V. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1162 (5th Cir. 1982) (citations omitted). A court's discretion to grant to deny leave is extremely limited by the bias of Rule 15(a) favoring amendment. *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). Leave to amend should not be denied unless there is a substantial reason to do so. *Jacobsen v. Osbourne*, 133 F.3d 315, 318 (5th Cir. 1998). There is a substantial reason to deny leave if the proposed amendment would cause undue delay or prejudice to the non-movant, if it is motivated by bad faith or dilatory motives, if there have been repeated failures to cure deficiencies with prior amendment, or if the amendment is futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Martin's*

*Herend Imports, Inc. v. Diamond & Gem Trading*, 195 F.3d 765, 770 (5th Cir. 1999); *Wimm v. Jack Eckerd Corp.*, et al., 3 F.3d 137, 139 (5th Cir. 1993).

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In determining whether to grant a motion to dismiss, the court must not go outside the pleadings and must accept all well-pleaded facts as true, looking at them in the light most favorable to the plaintiff. *Scanlan v. Texas A&M University*, 343 F.3d 533, 536 (5th Cir. 2003).

A pleading must include a short and plain statement of the claim showing that the pleader is entitled to relief and giving the defendant fair notice of what the claim is. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, but the plaintiff must nonetheless provide more than merely labels and conclusions, and a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The factual allegations in the complaint are assumed to be true, even if unlikely, but the allegations must "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Id.* at 555, 570. A claim has facial plausibility where the factual allegations allow the court to reasonably infer that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Facts that are merely consistent with a defendant's liability are insufficient. *Id.*

*b.     Standing*

In its response to the motion to amend, Orange Grove first contends that Facundo lacks standing to bring clams under either Title IX or § 1983 on her own behalf.  (D.E. 34 at 4-6).

Facundo does not address this issue in her reply.  (*See generally* D.E. 36).

A parent does not have standing to assert a personal claim under Title IX.  *Rowinsky v. Bryan Indep. Sch. Dist.*, 80 F.3d 1006, 1009 n.4 (5th Cir. 1996), *disapproved of on other grounds by Davis v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629 (1999).  A parent has standing to assert a claim, as next of friend, of their child, but the statutory language does not provide a personal claim absent an allegation that the parent was excluded from participation, denied the benefits of, or subjected to discrimination under any education program or activity.  *Id.*  Similarly, § 1983 does not provide a parent a personal claim that their constitutional rights were violated where their child suffers harm.  *See, e.g., Moreno v. McAllen Indep. Sch. Dist.*, Case No. 7:15-cv-162, 2016 WL 1258410 at *6 (S.D. Tex. Mar. 31, 2016).

Here, to the extent that Facundo attempts to assert a personal claim under Title IX, she lacks standing to do so.  It is unclear from the proposed third amended complaint whether Facundo actually has attempted to raise such a claim.  The majority of the allegations in the proposed amended complaint specifically identify the "Minor Plaintiff" as the individual whose rights were violated, although some general language throughout implies that both Facundo's and the Minor Plaintiff's rights were violated.  (*See generally*

D.E. 31-2). In any event, Facundo cannot raise a personal claim under Title IX based on the factual allegations in the complaint, nor has she presented any caselaw supporting a personal § 1983 claim. *Rowinsky*, 80 F.3d at 1009 n.4; *Moreno*, 2016 WL 1258410 at *6.

    *c.*   *Title IX Claim*

Orange Grove next contends that the proposed third amended complaint fails to state a Title IX claim and does not address the insufficiencies this Court noted in its order dismissing the second amended complaint. (D.E. 34 at 6-7). Orange Grove argues that the alleged harassment is not actionable under Title IX because there is no allegation that: (1) any specific employee or official had knowledge of the incident or others like it; (2) the harassment was so severe, pervasive, and objectively offensive that it barred the Minor Plaintiff's access to an educational opportunity; or (3) that the district was deliberately indifferent. (*Id.* at 8-10). Orange Grove asserts that an alleged failure to adopt regulations is not sufficient to establish Title IX damages liability. (*Id.* at 11). Moreover, Orange Grove contends that damages for emotional harm are not recoverable in private actions brought under Title IX and that, despite seeking past and future medical expenses, the complaint does not include any allegations regarding any physical injuries or medical treatment. (*Id.* at 11-13).

Facundo responds that a review of the entire complaint demonstrates that it does not rely merely on legal conclusions, but rather has detailed factual allegations. (D.E. 36 at 2-3). She argues that factual issues related to Orange Grove's prior knowledge, control

8

issues, harassment based on sex, lack of educational opportunity, and indifference may be developed during discovery. (*Id.* at 2).

Under Title IX, "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a).

Student-on-student harassment may be a ground for a private damages action against the school, "but only where the funding recipient acts with deliberate indifference to known acts of harassment in its programs or activities." *Davis v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 633 (1999). However, a school district may only be liable for damages "where the district itself intentionally acted in clear violation of Title IX by remaining deliberately indifferent to acts of … harassment of which it had actual knowledge." *Id.* at 642 (citing *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290 (1998)). Further, a district can only be liable where it "has some control over the alleged harassment. [It] cannot be directly liable for its indifference where it lacks the authority to take remedial action." *Id.* at 644. Thus, in order to be liable, the district must "exercise[] substantial control over both the harasser and the context in which the known harassment occurs," such that the district could be said to "'expose' its students to harassment or 'cause' them to undergo it 'under' the [district's] programs." *Id.* at 645. Where the alleged misconduct takes place during school hours and on school grounds, it takes place under the operation of the district because the school retains substantial control over both the context

in which the harassment occurs and over the harasser. *Id.* at 646. The deliberate indifference standard is high, and "[a]ctions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference." *Doe on Behalf of Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 219 (5th Cir. 1998).

Further, the harassment must be "so severe, pervasive, and objectively offensive that it effectively bars the victim's access to an educational opportunity or benefit." *Davis*, 526 U.S. at 633, 650. This standard does not require physical exclusion, but rather also applies where a plaintiff alleges harassment that is so severe and "so undermines and detracts from the victims' educational experience, that the victim-students are effectively denied equal access to an institution's resources and opportunities." *Id.* at 651. Whether harassment meets this standard depends on the circumstances of the case including the ages of the harasser and victim and the number of individuals involved. *Id.*

The Supreme Court recently determined that damages for emotional distress are not available under Title IX. *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562, 1572 (2022). The Court explained that statutory schemes such as Title IX are most comparable to contracts, and because there is "no basis in contract law to maintain that emotional distress damages are traditionally available in suits for breach of contract," there is "no ground … to conclude that federal funding recipients have clear notice that they would face such a remedy in private actions brought to enforce the statutes at issue." *Id.* at 1576.

Here, Facundo has not adequately alleged a Title IX claim on behalf of the Minor Plaintiff because she alleges only harms for which damages are not recoverable in private actions brought under Title IX. In the complaint, Facundo alleges that the Minor Plaintiff was "singled out, called out and otherwise verbally harassed and assaulted" following the initial assault, and the Minor Plaintiff was in fear for his health or safety due to threats of retaliation if he attempted to seek help regarding the attack. (D.E. 31-2 at 4). As a result, Facundo alleges that the "Minor Plaintiff has suffered extreme stress, humiliation, shame, and fear," and had experienced "disruptions in both sleeping and eating as a direct result of this harm; [and] his ability to maintain healthy patterns of self-care have been adversely affected." (*Id.*). She alleges that the Minor Plaintiff was "affected spiritually, emotionally, mentally, and physically" as a result of the attack and Orange Grove's failure to take actions to protect him. (*Id.*). Ultimately, Facundo seeks damages for: (1) past and future medical expenses; (2) past and future mental anguish; and (3) past and future embarrassment and/or loss of reputation. (*Id.* at 9).

The Supreme Court's holding in *Cummings* explicitly forecloses Facundo's ability to obtain damages for mental anguish or embarrassment because such emotional distress damages are not recoverable in a private action under Title IX. *Cummings*, 142 S. Ct. at 1572, 1576. Further, the reasoning of *Cummings* also forecloses Facundo's ability to obtain nonpecuniary damages for an alleged loss of reputation, as such damages are not traditionally available in suits for breach of contract. *See, e.g., Redgrave v. Bos. Symphony Orchestra, Inc.*, 855 F.2d 888, 892 (1st Cir. 1988) (noting that "damages for reputation are

not available in contract actions" in virtually all jurisdictions and citing cases); 22 Am. Jur. 2d Damages § 61 ("A plaintiff cannot recover for damage to its reputation arising out of an alleged breach of contract."). Finally, although Facundo seeks damages for past and future medical expenses, there are no factual allegations in the complaint regarding any physical injuries or other medical expenses suffered as a result of the attack and Orange Grove's failure to take action to protect the Minor Plaintiff. Under these circumstances, Facundo's reference to seeking past and future medical expenses is merely a "formulaic recitation of the elements of a cause of action," which is insufficient to state a claim for such damages. *See Twombly*, 550 U.S. at 555.

Thus, Facundo's proposed third amended complaint fails to state a Title IX claim on which relief can be granted and granting leave for this amendment would be futile.

    d.    *Section 1983 Claim*

Orange Grove next argues the proposed third amended complaint fails to state a § 1983 claim and does not address the insufficiencies this Court noted in its order dismissing the second amended complaint. (D.E. 34 at 13-14). Orange Grove contends that Facundo does not identify any specific constitutional basis for her claim other than referencing the Fourteenth Amendment. (*Id.* at 14). However, even construing the claim as a substantive due process claim, Orange Grove contends that it fails to state a claim because the alleged injuries were caused by the other students, who were not state actors. (*Id.*). Orange Grove further asserts that neither limited exception to this rule applies here. (*Id.* at 14-17). Finally, Orange Grove argues that Facundo has not established liability

12

under *Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978), because she has not alleged any official policy or custom of the district that was the cause of any deprivation of rights. (*Id.* at 17-19).

Facundo responds that a review of the entire complaint demonstrates that it does not rely merely on legal conclusions, but rather has detailed factual allegations. (D.E. 36 at 2-3). She argues that factual issues related to Orange Grove's prior knowledge, control issues, harassment based on sex, lack of educational opportunity, and indifference may be developed during discovery. (*Id.* at 2).

To state a claim under 42 U.S.C. § 1983, "a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *James v. Tex. Collin Cnty.*, 535 F.3d 365, 373 (5th Cir. 2008) (citation and internal quotation marks omitted).

Typically, "a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 197 (1989). However, there is a limited exception to this rule where a state makes a "special relationship" with a particular citizen where it "takes [that] person into its custody and holds him there against his will." *Id.* at 199-200. Under Fifth Circuit precedent, "a public school does not have a *DeShaney* special relationship with its students requiring the school to ensure the students' safety from private actors. Public schools do not take students into custody and hold them there against their

13

will in the same way that a state takes prisoners, involuntarily committed mental health patients, and foster children into its custody." *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 857–58 (5th Cir. 2012). Therefore, "a public school has no *constitutional* duty to ensure that its students are safe from private violence." *Id.* at 858 (emphasis in original).

A separate exception exists under the "state-created danger" theory, but as it recently reiterated, the Fifth Circuit has not recognized this theory. *Yarbrough v. Sante Fe Indep. Sch. Dist.*, No. 21-40519, 2022 WL 885093, at *1 (5th Cir. Mar. 25, 2022). However, the Fifth Circuit has also not explicitly rejected it. *See id.* Under this theory, a plaintiff must show: "(1) that the environment created by the state actor is dangerous, (2) the state actor must know it is dangerous (deliberate indifference), and (3) the state actor must have used its authority to create an opportunity that would not otherwise have existed for the third party's crime to occur." *Dixon v. Alcorn Cnty. Sch. Dist.*, 499 F. App'x 364, 366–67 (5th Cir. 2012). Further, the plaintiff must show that there was an immediate danger facing a known victim. *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 866 (5th Cir. 2012). It is insufficient to "allege that the school [was] aware of some general deficiencies in [one of its] polic[ies]." *Id.*

A municipal liability claim under § 1983 "requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). However, in order to even reach this analysis, the plaintiff must show that they

14

suffered a constitutional violation. *Doe*, 675 F.3d at 866-67. Thus, a plaintiff cannot establish a municipal liability claim without first establishing either a violation caused by a state actor or an exception under which the state may be liable for the actions of a private actor. *Id.* at 867.

Here, Facundo's proposed third amended complaint does not remedy the problems identified in the Court's order on Orange Grove's previous motion to dismiss and fails to state a § 1983 claim on which relief can be granted. Although the new proposed complaint includes an allegation of what constitutional right was violated by citing the Fourteenth Amendment, it still does not allege various other necessary elements to sustain a § 1983 claim. First, Facundo does not adequately allege why the district should be responsible for the actions of private actors. Generally, "a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." *DeShaney*, 489 U.S. at 197. Even under the "special relationship" exception adopted by the Fifth Circuit, "a public school has no *constitutional* duty to ensure that its students are safe from private violence." *Doe*, 675 F.3d at 858 (emphasis in original). The proposed amended complaint does not allege the requisite state action to raise a § 1983 claim or show that the claims here fall under the special-relationship exception.

Second, the Fifth Circuit has not adopted the state-created danger theory. *Yarbrough*, 2022 WL 885093, at *1. However, even if it had, Facundo's allegations are insufficient to state a claim under this theory because, as in *Doe*, she has alleged only that the school was generally aware of some deficiencies in its policies given the previous

15

instances of student-on-student sexual assault, but not that it was aware of an immediate danger facing the Minor Plaintiff. (*See* D.E. 31-2 at 3-4, 8); *Doe*, 675 F.3d at 866. Moreover, the Fifth Circuit has explicitly "cautioned against finding liability under the state-created danger theory based upon an ineffective policy or practice in cases where the plaintiff's injury is inflicted by a private actor," which is what Facundo seeks here. *Doe*, 675 F.3d at 866. Finally, because Facundo has not sufficiently alleged either a violation caused by a state actor or an exception under which the state may be liable for the actions of a private actor, she also has not stated a claim for municipal liability. *Doe*, 675 F.3d at 866-67.

### III. CONCLUSION

Accordingly, Facundo's motion for leave to amend her second amended complaint (D.E. 31) is **DENIED** as futile and this case is **DISMISSED**.

ORDERED on September 8, 2022.

_____
Julie K. Hampton
United States Magistrate Judge